**Randolph A. OLSON, Plaintiff–Appellant,**

v.

**TEAMSTERS LOCAL NO. 70, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America; United Parcel Service, Defendants–Appellees.**

No. 00–16640.

D.C. No. CV–99–00970–CW/MJ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2001.

Decided Jan. 31, 2002.

Before BRIGHT,* B. FLETCHER, and FISHER, Circuit Judges.

### MEMORANDUM **

Olson brought this suit against United Parcel Service ("UPS") alleging that his discharge was retaliation for activity protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C.2000e, et seq. ("Title VII"). He also brought an action against UPS for breach of the collective bargaining agreement binding UPS and his union, Teamsters Local 70 ("the Union"). In order to proceed on his breach of contract claim, Olson needed first to establish that the Union breached its duty of fair representation. *Slevira v. Western Sugar Co.,* 200 F.3d 1218, 1221 (9th Cir.2000).

The district court granted summary judgment in favor of UPS and the Union. It found that Olson failed to meet his prima facie burden for a Title VII retaliation claim and also failed to raise an issue of material fact suggesting that the Union breached its duty of fair representation. We review both decisions *de novo. Weiner v. San Diego County,* 210 F.3d 1025, 1028 (9th Cir.2000); *Burkevich v. Air Line Pilots Ass'n, Int'l,* 894 F.2d 346, 349 (9th Cir.1990).

#### A.

■ We reverse the district court's finding that Olson had not met his prima facie burden for his discriminatory retaliation claim against UPS. Under the burden shifting analysis applicable in discriminatory treatment cases, Olson had the initial burden to present "very little" evidence, *Wallis v. J.R. Simplot Co.,* 26 F.3d 885, 889 (9th Cir.1994), that "(1) he engaged in statutorily protected activity; (2) he suffered an adverse employment action; and (3) there is a causal link between the protected activity and the adverse action." *EEOC v. Dinuba Med. Clinic,* 222 F.3d 580, 586 (9th Cir.2000) (internal quotation marks omitted); *Cohen v. Fred Meyer, Inc.,* 686 F.2d 793, 796 (9th Cir.1982).

The district court found that Olson had failed to meet his burden of production under the third prong, establishing a causal link between his support of discrimination complaints and his discharge. But Olson presented adequate evidence from which a jury could infer that his engagement in protected activity was the reason

---

* The Honorable Myron H. Bright, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as may be provided by Ninth Circuit Rule 36–3.

for his discharge, including (1) his reputation for advocating on behalf of the rights of workers in discrimination related matters, *Hines v. Gomez*, 108 F.3d 265, 268 (9th Cir.1997); (2) the timing of the discharge close on the heels of his expressed intent to return to work from a period of leave during which he visibly supported a major Title VII suit against UPS, *see Ray v. Henderson*, 217 F.3d 1234, 1244 (9th Cir.2000); and (3) the disparate treatment of another employee who had been out of work longer than he but who was not discharged. *Miller v. Fairchild Indus., Inc.*, 885 F.2d 498, 506 (9th Cir.1989).

Olson also presented sufficient evidence from which a jury could infer that the reasons offered by UPS for the discharge were pretext for discrimination. UPS stated that they discharged Olson because they were experiencing a shortage of drivers and did not think that Olson was returning to work. But the evidence is sufficient for a jury to conclude that UPS discharged Olson only when they thought that he *was* returning to work. This fact, combined with Olson's prima facie case, is sufficient to permit a jury to conclude that UPS unlawfully discriminated. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); *Chuang v. University of California*, 225 F.3d 1115 (9th Cir.2000). Therefore, we reverse the district court's award of summary judgment against Olson on his Title VII retaliation claim.

### B.

We affirm the district court's award of summary judgment against Olson on the breach of the duty of fair representation claim. Olson alleges that (1) Frates breached his duty of fair representation in his handling of Olson's grievance; and (2) the union members of the panel breached their duty of fair representation by not issuing an impartial decision on the merits.

■ To pursue the claim that Frates breached his duty of fair representation, Olson needed to present sufficient facts from which a jury could conclude that Frates improperly processed Olson's grievance, e.g. by failing to "conduct some minimal investigation" into its merits. *Tenorio v. Nat'l Labor Relations Bd.*, 680 F.2d 598, 601 (9th Cir.1982). If Olson could make such a showing, the Union's representation would be assumed to be an arbitrary ministerial act unless the union explains the decision. *Peters v. Burlington N.R.R.*, 931 F.2d 534, 540–41 (9th Cir.1990). Olson argues that we should skip the first step because "[i]t is a factual issue ... whether the substantial evidence of Local 70's hostility towards plaintiff influenced its handling of his grievance." We disagree. Evidence of hostility does not remove the need to present sufficient evidence that the Union improperly handled Olson's grievance. Having failed to present such evidence, Olson's claim against Frates must fail.

■ Nor does Olson state sufficient facts from which a jury could conclude that the Union members of the grievance panel breached their duty of fair representation, even assuming that we were to hold that such individuals are subject to this duty. *See Thomas v. United Parcel Service, Inc.*, 890 F.2d 909 (7th Cir.1989) (allowing suit for breach of duty of fair representation by grievance panel members to go forward based on statistical evidence showing that the members were biased against dissident union members). Olson does not present any evidence that could raise an inference that the panel was biased against him and, absent such evidence, courts must defer to the judgment of grievance panel decisions, like other expressions of union judgment, "whether faulty or not." *Peters*, 931 F.2d at 540.

Olson bases his argument that the panel should be required to issue reasons for its decision on *Peters*. But the holding of *Peters* was that, absent explanation, the union's perfunctory handling of a grievance, e.g. by failing to investigate it, would be assumed to be "ministerial" rather than an "actual, rational attempt[ ] on the part of a union to properly interpret a collective bargaining agreement." *Peters*, 931 F.2d at 539–540. The same assumption cannot be made with regard to grievance panel decisions that, by their nature, are actual attempts to properly interpret the CBA. We see no legal basis for requiring that members of grievance panels provide reasons for their decisions.

## CONCLUSION

We REVERSE the district court's grant of summary judgment against Olson on the Title VII retaliation claim. We AFFIRM the district court's grant of summary judgment against Olson on the breach of the duty of fair representation claim against the Union and the breach of contract claim against UPS.

Each party to pay its own costs.

REVERSED IN PART, AFFIRMED IN PART, REMANDED FOR FURTHER PROCEEDINGS.